UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ST. LUCIA CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                                  Case No. 2:20-cv-125-FtM-66NPM

LEXINGTON INSURANCE
COMPANY,

    Defendant.

## ORDER

Before the Court are Plaintiff's Amended Motion to Appoint Umpire (Doc. 19); Defendant's Motion for Court to Appoint Appraisal Umpire (Doc. 28); and Plaintiff's Memorandum in Response (Doc. 29). Plaintiff St. Lucia Condominium Association Inc. brings this action concerning the extent to which Hurricane Irma damaged its condominium complex. (Doc. 3).

The parties have agreed to conduct an appraisal and stay the proceedings. (*See* Docs. 9, 13, 14). St. Lucia Condominium Association chose appraiser Paul Middleton and Lexington Insurance chose appraiser Peter Patterson, but the parties' appraisers were unable to agree on an umpire. So both parties request the Court appoint an umpire. (Doc. 19, p. 7; Doc. 28, p. 3).

For the appointment of an umpire, the Policy states in relevant part:

If we and you:

> Disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> 1. Pay its chosen appraiser; and
>
> 2. Bear the other expenses of the appraisal and umpire equally.

(Doc. 3-1, p. 31). The parties submitted lists of potential umpires and their curriculum vitae (Docs. 19, 28, 29), and the Court held a hearing on October 28, 2020, where counsel and the parties' respective appraisers appeared.

"Unlike arbitration procedures, appraisals are less formal proceedings, where the umpire independently attempts to resolve any differences in the appraisals offered by both sides." *Preferred Nat'l Ins. Co. v. Miami Springs Golf Villas, Inc.*, 789 So. 2d 1156, 1157 (Fla. 3d DCA 2001).[1] When appointing an umpire, a court may appoint someone with the appropriate expertise. *Liberty Mut. Fire Ins. Co. v. Hernandez*, 735 So. 2d 587, 589 (Fla. 3d DCA 1999). For example, a court may

---

[1] In diversity cases, Florida substantive law applies. *Evanston Ins. Co. v. Etcetera, Etc Inc.*, No. 2:18-CV-103-FTM-99MRM, 2018 WL 3526672, *3 n.2 (M.D. Fla. July 23, 2018.

appoint a contractor, retired judge, or an attorney who has the appropriate expertise. *Id.*

After questioning each appraiser about the proposed umpires, entertaining oral argument of counsel, and carefully reviewing the qualifications of the potential umpires, the Court finds Jon W. Doan qualified to serve as umpire for the appraisal process. Mr. Doan not only has over forty-years' experience, but has also taught classes on basic and advanced umpire certification for over twenty years as well as co-wrote the appraiser-certification classes. (Doc. 19-2, p. 2). Mr. Doan has been involved in the appraisal process as both an appraiser (for both the carrier and insured) and umpire (including court appointed) since 1985, with his primary focus for the past fifteen years as an umpire. (*Id.*). He has acted as an umpire in over 1000 losses and has been qualified as an expert witness in various state-court proceedings. (*Id.*). With his experience, Mr. Doan is highly qualified to act as umpire in this case.

Accordingly, it is **ORDERED** that the Amended Motion to Appoint Umpire (Doc. 19) and the Motion for Court to Appoint Appraisal Umpire (Doc. 28) are **GRANTED** to the extent that the Court appoints Jon W. Doan to act as appraisal umpire.

**DONE** and **ORDERED** in Fort Myers, Florida on October 29, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE